IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NUSAIBA JACKSON,** *pro se* | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 13-1013** |
| | * | |
| **JOSEPH JORDON** | * | |
| | * | |
| Defendant | * | |

## OPINION

Plaintiff Nusaiba Jackson, *pro se*, brought suit against Joseph Jordon, alleging copyright infringement for material he purportedly posted online that she claims belonged to her. After numerous extensions granted by the Court, Jackson has still failed to properly effectuate service of process on Jordon in accordance with the Court's instructions, or to provide the supplemental information requested by the Court. For the reasons discussed below, the Complaint is now **DISMISSED WITHOUT PREJUDICE**.

Jackson's first Proof of Service (Paper No. 6) indicated that service of process had been made by certified mail. On August 20, 2013, in a Memorandum Order (Paper No. 7), the Court indicated to Jackson that service of process was deficient under the relevant rule, Maryland Rule of Procedure ("M.R.P.") 2-121, because there was no indication of delivery, and there was no original return receipt provided. The Court granted Jackson 60 days to effectuate proper service of process. The Court noted that if proper service was not effectuated, the Court could dismiss the case for failure of service.

On October 28, 2013, Jackson filed an "Affidavit" (Paper No. 8) indicating that a process server had attempted to serve the summons on Jordon, via certified mail, restricted delivery, return receipt, but the package was returned unexecuted, and Jackson suspected that Jordon was

evading service of process. On January 6, 2014, in a Memorandum Order (Paper No. 9), the Court found that under M.R.P. 2-121(b), Jordon might be evading service, and directed that service be made within 60 days under 2-121(b) by mailing a copy of the summons, complaint and all other papers filed with it to Defendant's last known residence and delivering a copy to a person of suitable age and discretion at the place of business of the defendant. On March 4, 2014, Jackson filed a Response, seeking a two week extension. (Paper No. 10). The Court granted her request. (Paper No. 11).

On March 20, 2014, Jackson filed correspondence seeking (1) advice on how to effectuate service; and (2) seeking an order to allow her to notify websites where her purported copyrighted material was posted that the material had "been infringed upon." (Paper No. 12). The Court's law clerk responded by letter to Jackson that the Court could not advise her on how to try her case, and nothing was before the Court to rule on. (Paper No. 13).

On April 10, 2014, nearly a year after the case was originally filed, Jackson filed another Proof of Service, indicating that service had been made on an individual, Nathan Cederoth, at Defendant's "residence or usual place of abode," and by "mailing a copy to the individual's last known address" (Paper No. 14). The Proof of Service did not indicate which addresses were used for service. That same day, Defendant Jordon called the Court, asking how to proceed.

On June 24, 2014, the Court issued an Order, telling both parties that it could not advise them how to proceed with their cases, and directing them to submit their respective pleadings or supplemental information within 30 days. If they did not, the Court noted that it would act on the pleadings as they stand. The deadline has now passed, and neither party has filed anything in response.

As the Court noted in its Order, it cannot tell whether Jordon has been properly served because the Return of Service (Paper No. 14) does not provide sufficient information to indicate

whether service was completed as directed by the Court. In its January 6, 2014 Order, the Court directed a specific means of service based on its finding (as requested by Jackson) that Jordon had been evading service. Jackson's Return of Service does not indicate that she followed the Court's Order.

Fed. R. Civ. P. 4(m) provides that if a defendant is not served, a court, on its own after notice to the plaintiff "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court has already granted Jackson multiple extensions, and provided notice to her that it would dismiss the action if proper service was not effectuated. She has failed to heed the Court's instructions and provide the requested supplemental information to establish whether Jordon was properly served.

Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

A separate Order will issue.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**August 12, 2014**